LOCAL PTS
Violation Report
(06/18)

**DATE**
01/04/2021

U.S. PROBATION & PRETRIAL SERVICES
DISTRICT OF CONNECTICUT

**NAME**
Michael Bobowski

**DOCKET NUMBER:**
0205 3:18CR00334-001

**U.S. DISTRICT/MAGISTRATE JUDGE**
Honorable Janet C. Hall, U.S. District Judge

## Notification of Non-Compliance

**ASSISTANT U.S ATTORNEY**
Jennifer Laraia

**DEFENSE ATTORNEY**
William H. Paetzold

**RELEASE DATE:** October 5, 2018
**NEXT COURT DATE:**
**CURRENT STATUS:** Released on Bond

**CHARGED OFFENSE(S)**
Conspiracy to Possess with Intent to Distribute and to Distribute 50 Grams or More of a Mixture and Substance Containing a Detectable Amount of D-Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(B)(viii), and 846.

*(Displaying Most Severe)*

**CONDITIONS**

The defendant is placed in the custody of:
Person or organization  Mother: Sandra Bobowski
Address *(only if above is an organization)* 45 Terry Rd.
City and State  Hartford, Connecticut       Tel. No.
Submit to supervision by and report for supervision to the U.S. Pretrial Services Office
telephone number                             no later than

- [✓] continue or actively seek employment.
- [✓] surrender any passport to: Attorney
- [✓] not obtain a passport or other international travel document.
- [✓] abide by the following restrictions on personal association, residence, or travel:
   Restricted to the District of Connecticut unless prior permission received from the Court or Probation.
- [✓] avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution including:

- [✓] get medical or psychiatric treatment:

- [✓] not use or unlawfully possess a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
- [✓] not possess a firearm, destructive device, or other weapon
- [✓] not use alcohol    ( ) at all    (●) excessively.

- [✓] submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
- [✓] participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
- [✓] submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.
  - [ ] You must pay all or part of the cost of the program based on your ability to pas as determined by the pretrial services officer or supervising officer.
- [✓] report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

Modified Conditions (September 2, 2020):

1) The defendant is prohibited from entering or visiting the address at 176 Whitney Street in Hartford, CT. However, he may visit the address with his third-party custodian in order to remove his personal items. As noted during the hearing, the Government, U.S. Probation and the Court anticipate that this prohibition will be lifted or modified if and when U.S. Probation confirms that a specific individual has vacated the prohibited location, but, to the extent that many things can happen between now and then, the Court would prefer to address such a request in the future, after seeking input from the Government and U.S. Probation.

On October 6, 2020, the Court granted the defendant's Motion to remove this modification following confirmation that a specific individual had vacated the prohibited location.

2) The defendant will be placed on a curfew which restricts him to his residence from 9:00 P.M. until 7:00 A.M. each day. The curfew will be enforced or monitored through the use of the Smart Link system.

On September 14, 2020, the defendant consented to a modification of his conditions, allowing the Probation Office discretion in choosing the modality of location monitoring. On the same date, the technology was changed from Smart Link to Radio Frequency (RF).

On September 21, 2020, the Court granted the defendant's Motion to adjust his curfew, allowing him to leave his residence at 6:30 A.M. to attend classes at Lincoln Technical Institute.

**CONDITIONS VIOLATED**

The defendant will be placed on a curfew which restricts him to his residence from 9:00 P.M. until 6:30 A.M. each day. The curfew will be enforced or monitored by location monitoring, the modality of which can be determined by the Probation Office.

**NATURE OF NON-COMPLIANCE/PROBATION OFFICER'S RESPONSE**

On January 4, 2021, the undersigned officer was conducting a daily review of Mr. Bobowski's location monitoring events, which indicated that Mr. Bobowski had left his residence on January 4, 2021 at 3:47 A.M. and returned at 3:54 A.M. Upon addressing this with Mr. Bobowski, he claimed he took his dog outside in the

backyard during this time. He claimed that he was unaware he could not be outside of his residence, as long as he remained on the property. The undersigned officer reviewed the requirements of the location monitoring program and the importance of remaining within the confines of his residence during his curfew hours. Mr. Bobowski confirmed an understanding of the requirements. At this time, no additional action is being requested by the Court. Should additional noncompliance arise, the undersigned officer will advise the Court accordingly.

Of note, on December 28, 2020, Mr. Bobowski contacted the undersigned officer to report he had been exposed to Covid-19 and requested permission to temporarily reside at his old apartment located at 176 Whitney Street, 3rd floor, Hartford, Connecticut. He was granted permission to move the location monitoring equipment from his parents' residence to the above-noted apartment to ensure continuous monitoring of his Court-ordered curfew. On the same date, the Court approved his request to temporarily change his living arrangements. Mr. Bobowski has advised that on January 4, 2021, he took a Covid-19 test and he is awaiting the results.

**ADJUSTMENT TO PRETRIAL SERVICES SUPERVISION** *(Summary of compliance, results of criminal record check)*

On October 5, 2018, Mr. Bobowski was released and commenced pretrial supervision. Absent the above noted temporary change in residence, he is residing with his parents and his partner in Hartford. On April 24, 2019, Mr. Bobowski was accepted into the Hartford Support Court. Following his most recent relapse in August 2020, Mr. Bobowski was unsuccessfully discharged from Support Court. Mr. Bobowski continues to participate in mental health and substance abuse treatment. He is currently participating in weekly individual counseling sessions at Empower Behavioral Health in West Hartford and weekly individual counseling at Community Renewal Team (CRT). He is also subject to random drug testing.

Throughout pretrial supervision, Mr. Bobowski maintained employment as a contractor with Klear Path Properties, which are properties managed by his mother. Mr. Bobowski was working full-time until the Covid-19 pandemic; however, since that time, his hours have decreased significantly. On September 21, 2020, Mr. Bobowski began a CNC Machining Program through Lincoln Technical Institute and he is attending in-person classes twice per week.

On September 2, 2020, Mr. Bobowski appeared before the Court for a bond violation hearing. On the same date, his Conditions of Release were modified to include a curfew with location monitoring. Following the order, the curfew was enforced by the Smart Link System, which required Mr. Bobowski to submit to random biometric check-in photos through his smart phone in order to verify his location. Due to compliance issues resulting from missed check-ins that occurred during the overnight hours, the location monitoring technology was changed to a Radio Frequency (RF) monitor on September 14, 2020. Since the change in technology, Mr. Bobowski has had one instance of noncompliance, which was reported to the Court on October 22, 2020.

Of note, on October 16, 2020, Mr. Bobowski appeared before the Court for sentencing and was sentenced to 32 months' incarceration, with three years of supervised release. He was given a voluntary surrender date of December 16, 2020. On December 3, 2020, the Court granted Mr. Bobowski's Motion to extend his voluntary surrender date to March 31, 2021.

LOCAL PTS
Violation Report
(06/18)

I declare the foregoing is true and correct.

by _____
                Mallory Scirocco
              U.S. Probation Officer

Date: January 4, 2021

LOCAL PTS
Violation Report
(06/18)

**Judicial Officer's Response:**

☐ Submit a Request for Modifying the Condition or Term of Supervision
☐ Submit a Request for Warrant or Summons
☒ Concur with action(s) taken by the U.S. Probation Officer
☐ Other

Janet C. Hall
Digitally signed by Janet C. Hall
Date: 2021.01.04 17:33:48 -05'00'

Signature of Judicial Officer

January 4, 2021

Date