# UNITED STATES DISTRICT COURT
## for
## Connecticut

U.S.A. vs. Michael Bobowski                   Docket Number:  0205 3:18CR00334-001

### Petition for Action on Conditions of Pretrial Release

COMES NOW Mallory Scirocco, U.S. Probation Officer, presenting an official report upon the conduct of defendant Michael Bobowski, who was placed under pretrial release supervision by the Honorable Robert A. Richardson, U.S. Magistrate Judge, sitting in the court at Hartford, Connecticut on the 5th day of October, 2018 under the following conditions:

The defendant is placed in the custody of:
Person or organization   Mother: Sandra Bobowski
Address *(only if above is an organization)* 45 Terry Rd.
City and State  Hartford, Connecticut           Tel. No.
Submit to supervision by and report for supervision to the U.S. Pretrial Services Office
telephone number                   no later than

- [✓] continue or actively seek employment.
- [✓] surrender any passport to:  Defense Counsel
- [✓] not obtain a passport or other international travel document.
- [✓] abide by the following restrictions on personal association, residence, or travel:
  Restricted to the District of Connecticut unless prior permission received from the Court or Probation
- [✓] avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution including:

- [✓] get medical or psychiatric treatment:

- [✓] not use or unlawfully possess a narcotic drug or other controlled substance defined in 21 U.S.C. ¶ 802, unless prescribed by a licensed medical practitioner.
- [✓] not possess a firearm, destructive device, or other weapon
- [✓] not use alcohol    ( ) at all     (●) excessively.
- [✓] submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
- [✓] participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

☑ submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.

☐ You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services officer or supervising officer.

☑ report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

**Modified Conditions (September 2, 2020)**:

1) The defendant is prohibited from entering or visiting the address at 176 Whitney Street in Hartford, Connecticut. However, he may visit the address with his third-party custodian in order to remove his personal items. As noted during the hearing, the Government, U.S. Probation and the Court anticipate that this prohibition will be lifted or modified if and when U.S. Probation confirms that a specific individual has vacated the prohibited location, but, to the extent that many things can happen between now and then, the Court would prefer to address such a request in the future, after seeking input from the Government and U.S. Probation.

On October 6, 2020, the Court granted the defendant's Motion to remove this modification following confirmation that a specific individual had vacated the prohibited location.

2) The defendant will be placed on a curfew which restricts him to his residence from 9:00 P.M. until 7:00 A.M. each day. The curfew will be enforced or monitored through the use of the Smart Link system.

On September 14, 2020, the defendant consented to a modification of his conditions, allowing the Probation Office discretion in choosing the modality of location monitoring. On the same date, the technology was changed from Smart Link to Radio Frequency (RF).

On September 21, 2020, the Court granted the defendant's Motion to adjust his curfew, allowing him to leave his residence at 6:30 A.M. to attend classes at Lincoln Technical Institute.

On October 16, 2020, Mr. Bobowski appeared before the Court and was sentenced to 32 months' incarceration, to be followed by three years' supervised release. He currently has a self-surrender date scheduled for March 31, 2021. He also has a hearing scheduled for February 10, 2021, regarding a Motion for Modification of his Judgment.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

On January 15, 2021, the undersigned officer received a location monitoring alert, indicating that the radio frequency (RF) unit in Mr. Bobowski's residence failed to connect to the central monitoring computer. The undersigned officer attempted various troubleshooting techniques to remedy this alert with no success.

On January 16, 2021, the undersigned officer conducted a home visit for the purpose of replacing the location monitoring equipment. Following the installation of the new equipment and multiple attempts to troubleshoot the issue, it was determined that the equipment was still failing to connect to the central monitoring computer. In order to continue enforcing the Court-ordered curfew, Mr. Bobowski was placed on Smart Link monitoring through his cell phone, which requires that he to submit to random biometric check-ins (photo identifications with a GPS coordinates at the time of the photo) to verify his location.

On January 19, 2021, the undersigned officer discussed the potential need for GPS monitoring with Mr. Bobowski, given the connection issues with the RF unit and Mr. Bobowski's previous non-compliance with Smart Link. Mr. Bobowski was hesitant about consenting to the installation of GPS monitoring and requested to be able to speak with a new lawyer first. Mr. Bobowski has since reported that he is meeting with a new lawyer on January 27, 2021.

Since January 16, 2021, Mr. Bobowski has missed four random Smart Link check-ins. On January 21, 2021, Mr. Bobowski missed random check-ins at 1:54 A.M. and at 5:30 A.M.; he did submit an unscheduled check-in (meaning that he initiated the check-in himself) at 7:01 A.M, which indicated he was home at that time. Upon addressing the missed check-ins with Mr. Bobowski, he claimed that he did not receive either of the above-noted alerts.

On January 21, 2021, the undersigned officer reported to Mr. Bobowski's residence to attempt installation of a new RF unit, which was again unsuccessful due to apparent connection issues. Additionally, during the home visit, the undersigned officer sent Mr. Bobowski a Smart Link check-in to ensure the application was working properly; he received the check-in alert initiated during the visit.

During the evening hours on January 21, 2021, Mr. Bobowski missed a Smart Link check-in at 11:50 P.M. In addition, on January 22, 2021, he missed a check-in at 2:06 A.M.  Mr. Bobowski did submit unscheduled check-ins (meaning that he initiated the check-ins himself) on January 22, 2021 at 12:36 A.M. and 5:26 A.M., both of which indicated that he was home. On January 22, 2021, the undersigned officer spoke with Mr. Bobowski's mother and third-party custodian. She indicated that she believed Mr. Bobowski had remained in the residence during his curfew hours.

Due to continued RF connectivity issues, on January 22, 2021, the undersigned officer spoke to Mr. Bobowski and instructed him to connect the RF unit to his land-line phone, with the hope of eliminating the need for a cellular signal. This did not fix the connection issues. During this time, Mr. Bobowski remained subject to Smart Link monitoring to enforce his curfew; however, the RF unit also remained in place with the hope that it would make a successful cellular connection.

On January 22, 2021, at approximately 5:28 P.M., the RF unit acquired the appropriate connection and all of the events and alerts from the previous day were restored (meaning reported to the undersigned officer). The receiver remained connected to a cellular signal until January 24, 2021 at 4:59 A.M. A review of the RF records indicate that Mr. Bobowski left his residence, outside of his authorized curfew hours, on the evening of January 22, 2021 at 11:00 P.M.. He returned at 11:07 P.M. only to leave again at 11:07 P.M. and return at 12:04 A.M. on January 23, 2021. Of note, is that on January 22, 2021, at 11:43 P.M., Smart Link sent a notification to Mr. Bobowski requiring him to check-in to verify his location, which he failed to do. At 11:50 P.M. and 11:58 P.M., two additional Smart Link reminders notifications were sent. Smart Link records indicate that Mr. Bobowski submitted a late, self-initiated check-in, at 12:07 A.M. on January 23, 2021, approximately three minutes after the RF unit indicated that he had returned to his residence. Upon addressing this with Mr. Bobowski, he denied leaving his residence during his curfew hours.

On January 26, 2021, the undersigned officer and a location monitoring specialist officer conducted a home visit at Mr. Bobowski's residence in an attempt to troubleshoot the ongoing connection issue with the RF unit; however, the connection issue was unable to be resolved.

The undersigned officer has exhausted all solutions to restore the cellular connection to the RF unit. As a

result, Mr. Bobowski remains subject to Smart Link monitoring; however, as noted above, he has not been in compliance with the required check-ins. Additionally, the RF unit remains in place so that when it is able to make a cellular connection, the undersigned officer receives the data that it has been collecting regarding Mr. Bobowski's compliance with his curfew.

| PRAYING THAT THE COURT WILL ORDER | a summons compelling Mr. Bobowski to appear and show cause as to why his conditions of release should not be modified or revoked. |
|---|---|
| **ORDER OF COURT** | I declare under penalty of perjury that the foregoing is true and correct |
| Considered and ordered this  28th  day of January , 20 21  and ordered filed and made a part of the records in the above case. | Executed on    Jan 27, 2021 |
| Janet C. Hall  Digitally signed by Janet C. Hall Date: 2021.01.28 11:29:24 -05'00' | Mallory Scirocco U.S. Probation Officer |
| U.S. District Judge/Magistrate Judge | *Mallory Scirocco* (signature) |
| | Place    Hartford, Connecticut |